UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60599

ERICH SPANGENBERG,

            Plaintiff

v.

PANASONIC CORPORATION
            Defendant.

**NOTICE OF STATUS OF SERVICE AND MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT**

    Plaintiff Erich Spangenberg files this Notice of Status of Service of Process on Defendant, a Japanese company, in accordance with the Court's Order of July 2, 2018, [DE. No. 11] and again moves for an extension of tine to serve the Summons and Complaint.

**Request for Waiver of Service**

    1.    As reported in Plaintiff's filing of June 27, 2017 (DE. No. 10), Plaintiff has proceeded with the steps to serve the foreign defendant in this case, Panasonic Corporation. Plaintiff first requested that Defendant, through its known legal counsel, Mr. Routh, involved in the arbitration that is the subject of this case, waive service of process. The waiver documents were sent to Mr. Routh on July 12, 2018. *See* **Exhibit A**, a true and correct copy of email correspondence (L. Wiley to S. Routh).

1

**Service via Hague Convention**

2. Although Mr. Routh sent a redline of a settlement agreement for review in the interim—the following month—there was still no response on the service issue. *See* **Exhibit B**, a true and correct copy, with redactions, of email correspondence.

3. Because the request for waiver of service failed to elicit a response, Plaintiff proceeded to the next additional step. Plaintiff sent by registered mail, to the Central Authority in Japan as required via the procedures for Japan as a signatory to the Hague Convention, the documents for that entity to effect service, as the Hague Convention prescribes.[1] A copy of the proof of mailing is attached. *See* **Exhibit C**.

4. Authorities note that the time for the designated Central Authority in Japan, the Ministry of Foreign Affairs, to respond is difficult to estimate, but it may be approximately four to six months. *See, e.g.*, **Exhibit D**, a true and correct copy of Aaron Lukken, *How to Serve Process in Japan*, Feb. 13, 2017, *available at* https://www.haguelawblog.com/2017/02/serve-process-japan/; *see also* **Exhibit E**, a true and correct copy of the information regarding Japan Central Authority, available at https://www.hcch.net/en/states/authorities/details3/?aid=261 (Hague Conference resource for service issues for signatories).

5. As a result, Plaintiff respectfully requests that the Court grant him another extension of time to perfect service on Panasonic. Based on the fact that service could take up to

---

[1] Plaintiff had begun preparation of the numerous documents required for such service before seeking the initial extension (DE. No. 10), including professional translations and completing the required form, USM-94. However, as settlement communications were underway for the arbitration matter in California, which would have made this litigation unnecessary, Plaintiff was optimistic this litigation challenging the California arbitration would no longer be necessary. Unfortunately, settlement of the arbitration has stalled to the point where actual service under the Hague is necessary.

6 months in Japan under the Hague, we reluctantly request until March 10, 2019 to perfect service on Panasonic.

6. Notably, if Panasonic would simply have accepted service of process through its known U.S. legal counsel in connection with the very arbitration Plaintiff is now contesting herein, this extension would not have been needed.

WHEREFORE, Plaintiff, Erich Spangenberg, respectfully requests that the Court extend the time for him to serve the Summons and Complaint on Defendant until March 10, 2019 and such other and further relief as the Court deems appropriate.

Date: September 10, 2018                    Respectfully submitted,


/s/ Matthew S. Nelles_____
Matthew S. Nelles
MNelles@bergersingerman.com
Florida Bar No. 009245
Berger Singerman LLP
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel: (305) 982-4056
Fax: (954) 523-2872


Elizabeth A. Wiley*
Grable Martin Fulton PLLC
1101 West 34th St., No. 565
Austin, Texas 78705
Tel: 512.560.3480
Fax: 512.551.5088
Texas State Bar No. 00788666

*Pro hac admission to be sought


ATTORNEYS FOR PLAINTIFF ERICH SPANGENBERG

8697134-1